**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **MARCUS MOORE and MARY LEE MOORE,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 4:23-cv-291-SDJ-KPJ** |
| **DR. LANCE CLAY BUNTING,** | § § § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Lance Clay Bunting's ("Defendant") Rule 12(b)(6) Motion to Dismiss (the "Motion to Dismiss") (Dkt. 4). Plaintiffs Marcus Moore and Mary Lee Moore ("Plaintiffs") filed a response (Dkt. 8). For the reasons that follow, the Court recommends the Motion to Dismiss (Dkt. 4) be **GRANTED**.

## I.    BACKGROUND

On April 4, 2023, Plaintiffs, proceeding *pro se*, filed a complaint alleging that on September 13, 2022, Plaintiffs went to speak to with Amber Sliger to "get the contract Marcus Moore and Mary Lee Moore sign[ed] on [J]uly[] 27, 2022 that Heuser Chiropractic gave Marcus Moore saying that was the contract [that] came from Amber [S]liger, [a]ttorney at [l]aw." Dkt. 1 at 4. Plaintiffs allege the following:

> Amber [S]liger told [M]arcus [M]oore and [M]ary [L]ee [M]oore that she didn't have a sign[ed] agreement contract [sic] with Marcus Moore and Mary [L]ee Moore on the date [J]uly[] 27, 2022[.] Dr. Lance Clay Bu[n]ting [lied] on July[] 27, [and] Marcus Moore and Mary [L]ee Moore [believed they were] signing a contract with attorney Amber Sliger (See Attache[d]).

1

*Id.*[1] Plaintiffs further allege they "[b]eli[e]ve that Dr. Lance Clay Bu[n]ting is in a conspiracy with some government official to kill Marcus Moore for his own personal gain." *Id*. Plaintiffs request the Court order Defendant end the power of attorney relationship with Plaintiff Marcus Moore and award money damages for mental anguish in the amount of $750,000 "because Marcus Moore is afraid for his life . . . ." *Id.* Plaintiff asserts the basis for jurisdiction is federal question jurisdiction on the grounds 18 U.S.C. Section 242 and 18 U.S.C. Section 1341 have been violated by Defendant. *See* Dkt. 1 at 3.

On May 19, 2023, Defendant filed the Motion to Dismiss (Dkt. 4), wherein Defendant argues Plaintiffs have failed to state a claim under 18 U.S.C. Sections 242 and 1341 because these statutes do not provide a civil cause of action.[2] *See* Dkt. 4 at 5.

On June 7, 2023, as Plaintiffs had not timely responded to the Motion to Dismiss (Dkt. 4), the Court ordered Plaintiffs to file a response to the Motion to Dismiss (Dkt. 4) within fourteen days of the order's receipt. *See* Dkt. 6 at 1 (citing LOCAL RULE CV-7(d)). On June 14, 2023, Plaintiffs filed the "Analysis and Decision of Summary Judgment Motions: A Monograph on Rule 56 of the Federal Rule of Civil Procedure" (Dkt. 8), which is construed by the Court as a response to the Motion to Dismiss (Dkt. 4). Dkt. 8 at 1. In the response (Dkt. 8), Plaintiffs assert they brought their complaint against Defendant under 18 U.S.C. Sections 242 and 1341, and reallege that Defendant is in a conspiracy with a government official to kill Plaintiff Marcus Moore for Defendant's personal gain as evidenced by the agreement contract signed by Plaintiff Marcus Moore and Defendant. *See* Dkt. 8 at 1. Plaintiffs further assert that on January 6, 2023, the

---

[1] The factual allegations raised in the "Motion for Complaints" (Dkt. 3) are identical to the factual allegations raised in the complaint (Dkt. 1), and do not raise additional allegations or seek to amend the complaint (Dkt. 1).

[2] Defendant asserts he treated Plaintiff Marcus Moore for a back pain that has persisted since a car accident two years prior and Plaintiff Marcus Moore executed a Records Release and Payment Agreement assigning Heuser Chiropractic the right and authority to pursue payment for the care provided from Plaintiff Marcus Moore's insurance company. *See* Dkt. 4 at 1.

Colorado Department of Regulatory Agencies Division of Professions and Occupations wrote a letter to Plaintiff Marcus Moore regarding the opening of a case based on Plaintiff Marcus Moore's complaint against Defendant. *See id.* On July 12, 2023, Plaintiffs refiled the response titled "Analysis and Decision of Summary Judgment Motions: A Monograph on Rule 56 of the Federal Rule of Civil Procedure" (Dkt. 9), which is dated June 10, 2023. *See id.* at 2.

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "In evaluating motions to dismiss filed under Rule 12(b)(6), the court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). "Further, '[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, (1986)). "The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), *as revised* (Dec. 16, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether the plausibility standard has been met is a 'context-specific task that

requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

At the motion to dismiss stage, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir.), *cert. denied*, 143 S. Ct. 109 (2022) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III.    DISCUSSION

#### A.  Failure to State a Claim

In the Motion to Dismiss (Dkt. 4), Defendant argues Plaintiffs have failed to state a claim under 18 U.S.C. Sections 242 and 1341 because these statutes do not provide a civil cause of action. *See* Dkt. 4 at 5. In response, Plaintiffs assert  Defendant has violated 18 U.S.C. Sections 242 and 1341. *See* Dkt. 8 at 1; *see also* Dkt. 9 at 1. For the reasons that follow, the Court finds 18 U.S.C. Sections 242 and 1341 do not provide for a private cause of action and, accordingly, Plaintiff has failed to state a claim.

Plaintiffs' claims under 18 U.S.C. Sections 242 and 1341 necessarily fail as they do not provide private causes of action. 18 U.S.C. § 242 criminalizes the deprivation of civil rights under the color of law, and courts have unanimously held that 18 U.S.C. § 242 does not provide or contemplate a private cause of action. *See  Liu v. City of Allen*, No. 417CV00874ALMCAN, 2018 WL 2144363, at *4 (E.D. Tex. Mar. 12, 2018), *R. & R. adopted*, 2018 WL 2129451 (E.D. Tex. May 9, 2018) (collecting cases) ("18 U.S.C. § 242 also does not create a private cause of action; Plaintiff is not entitled to relief against Defendants under this statute."); *Hebrew v. Houston Media Source, Inc.*, No. 09-CV-3274, 2010 WL 2944439, at *1, n.2 (S.D. Tex. July 20, 2010), *aff'd*, 453

F. App'x. 479 (5th Cir. 2011) ("The court first notes that 18 U.S.C. § 242 is a criminal statute with no correlating civil cause of action" (citing *Parham v. Clinton*, 374 F. App'x. 503, 2010 WL 1141638, at *1 n. 1 (5th Cir. 2010) (per curiam))).

Similarly, 18 U.S.C. § 1341 criminalizes mail fraud, and the Fifth Circuit has long held that 18 U.S.C. § 1341 does not provide for a private cause of action. *See Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) ("Finally, plaintiffs maintain that they have a private right of action under the Federal Mail Fraud and Lottery statutes, 18 U.S.C. ss 1302 et seq., 1341 et seq. We agree with the district court that our decision in in *Napper v. Anderson*, 500 F.2d 634 (5th Cir. 1975) . . . forecloses any such claim of a private right of action under these statutes."); *accord Gipson v. Deutsche Bank Nat'l Tr. Co.*, No. 3:13-CV-4820-L (BH), 2015 WL 11120535, at *17 (N.D. Tex. Jan. 5, 2015), *R. & R. adopted*, 2015 WL 2069583 (N.D. Tex. May 4, 2015) (collecting cases). Thus, as there are no private causes of action under these statutes, Plaintiffs necessarily fail to state claims under these statutes.

### B.  Leave to Amend

On a motion to dismiss for failure to state a claim, a "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his or her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764,  767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-cv-948, 2021

WL 2232052, *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021). In the present case, Plaintiffs allege Defendant violated two federal criminal statutes that do not provide a civil cause of action. *See* Dkts. 1, 8, 9. Thus, it would be futile to provide Plaintiffs leave to amend.

Furthermore, while Defendant asserts that "[i]n the event the Court determines that Plaintiffs have somehow asserted a general claim for common law fraud, Plaintiffs' claims should still be dismissed because they have failed to plead underlying factual circumstances with particular[it]y as is required by Fed. R. Civ. P. 9(b)." Dkt. 4 at 5. Plaintiffs expressly state their causes of action in the complaint (Dkt. 1), the "Motion for Complaints" (Dkt. 3), and the responses (Dkts. 8, 9) to the Motion to Dismiss (Dkt. 4) to be 18 U.S.C. Sections 242 and 1341. Accordingly, the Court declines to infer a common law fraud claim, as it is not raised by Plaintiffs in any of their filings. As Plaintiff raises no additional claims that are not futile, the Court does not find it appropriate to grant Plaintiffs leave to amend.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion to Dismiss (Dkt. 4) be **GRANTED** and Plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions

accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 17th day of July, 2023.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE